Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Ian D. Shipman

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ian D. Shipman,<br><br>                Plaintiff,<br>v.<br><br>General Revenue Corporation,<br><br>                Defendant. | Case No: '17CV0937 BAS JMA<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Ian D. Shipman, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of General Revenue Corporation, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of San Marcos, County of San Diego, State of California.

11. Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant contacting Plaintiff's mother and

Plaintiff's sister regarding Plaintiff's alleged debt, Plaintiff was physically located in the City of San Marcos, County of San Diego, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of San Marcos, State of California.

16. Defendant is located in the City of Mason, in the State of Ohio.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

22. Sometime before January 3, 2017, Plaintiff is alleged to have incurred certain financial obligations related to student loans.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before January 3, 2017, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before January 3, 2017, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about January 3, 2017, Defendant mailed Plaintiff a collection letter to Plaintiff's only current address, which Defendant was readily aware of at the time of mailing, which is 1105 Vega Way, San Marcos, CA 92078.

28. On or about January 17, 2017, Defendant mailed Plaintiff a collection letter to Plaintiff's only current address, which Defendant was readily aware of at the time of mailing, which is 1105 Vega Way, San Marcos, CA 92078.

29. On or about February 7, 2017, Defendant contacted Plaintiff's mother, Lesly Shipman, by telephone and left a voicemail.

30. During this February 7, 2017 voicemail Defendant stated, "Hi this message is for Lesly. My name is Kelly, I was calling you in regards to Ian Shipman. Please return my call 855-853-7047. When calling in use reference number 12947121."

31. On or about February 17, 2017, Defendant contacted Plaintiff's sister, Shelly Shipman, by telephone and left a voicemail.

32. During this February 17, 2017 voicemail Defendant stated, "Hi this message is for Shelly Shipman. My name is Kelly, I was calling you in regards to Ian Shipman. If you could please return my call 855-853-7047. When calling in use reference number 12947121. Again my number is 855-853-7047"

33. On or about February 23, 2017, Defendant mailed Plaintiff a collection letter to Plaintiff's only current address, which Defendant was readily aware of at the time of mailing, which is 1105 Vega Way, San Marcos, CA 92078.

34. On or about April 5, 2017, Defendant contacted Plaintiff's mother, Lesly Shipman, by telephone and left a voicemail.

35. During this April 5, 2017 voicemail Defendant stated, "This message is for Lesly Shipman. This is George. Please return my call at 1-855-853-7047. When calling back please use referenec I.D. 12947121. Thank you"

36. On or about April 5, 2017, Defendant contacted Plaintiff's sister, Shelly Shipman, by telephone and left a voicemail.

37. During this April 5, 2017 voicemail Defendant stated, "This message is for Shelly Shipman. This is George. Please return my call at 855-853-7047. When calling back please use referenec I.D. 12947121. Thank you"

38. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person

other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//
//
//
//
//
//

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

45. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 8, 2017              By: s/ Crosby Connolly
                                   Crosby S. Connolly
                                   Attorneys for Plaintiff